AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware

UNITED STATES OF AMERICA
V.
Kevin Bell
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR05-94-GMS

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X   clear and convincing evidence   X   a preponderance of the evidence:

1. Facts of the incident support detention. Defendant was a passenger in a vehicle that was stopped for a driving offense. When police requested identification, defendant advised that he did not have any and told WPD that his name was Ghbre Bell (his brother) with a date of birth of 9/28/88. Unfortunately for defendant, when the police checked for warrants, there were outstanding ones under his brother's name. During a pat down search of defendant incident to his arrest, a gun fell from the right pant leg to the ground. Certain bullets in the weapon were with copper When defendant was mirandized, he advised that he wanted a lawyer. When defendant was removed from the police vehicle, a baggy of controlled substance was found in the back seat where defendant had been sitting. At the police station, someone in the police department recognized defendant as Kevin Bell.
2. Defendant's arrest record begins at age 10 for theft in 1993. In 1997, defendant was convicted of possession of deadly weapon and assault 2d. In 2000, defendant was convicted of possession of a non-narcotic schedule V controlled substance and was required to remain at Ferris until age 19 years. In 2004, defendant was convicted of conspiracy 2d- charge involved a carjacking in which the victim was injured. At the time of this arrest, defendant was on probation for the conspiracy conviction. As a result of this arrest, defendant was convicted of VOP and sentenced to confinement until December 23, 2005. IN August 2005, after his arrest and while in confinement, defendant was convicted of escape 3d for failing to return (at the time defendant had only been confined for 7 days). Further, defendant was found guilty of a VOP in 2001.
3. Defendant is presently 22 years old (will be 23 years in December 2005).

FILED
NOV [illegible] 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

As a result, the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 22, 2005 | _Signature of Judicial Officer_ |
|---|---|
| Date | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).