IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-94-GMS |
| | : | |
| | : | |
| KEVIN BELL, | : | |
| | : | |
| Defendant. | : | |

**MOTION FOR RECONSIDERATION OF BOND STATUS**

The defendant, Kevin Bell, through undersigned counsel, Eleni Kousoulis, respectfully moves

this Honorable Court for an order modifying the no bond status imposed on Mr. Bell at his detention

hearing in this matter on November 22, 2005, and to set conditions of pre-trial release. In support

of this motion, the defendant submits as follows:

**I.      PROCEDURAL HISTORY**

Mr. Kevin Bell was indicted on October 25, 2005 in a one-count indictment charging him with

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). On

November 17, 2005, Mr. Bell appeared before the Magistrate Judge for his Initial Appearance, at

which time the government filed a Motion for Detention. At his initial appearance Mr. Bell was

represented by Natalie Woloshin, Esq., whom he had retained to represent him in this matter. On

November 22, 2005, following a hearing, the Magistrate Judge granted the government's Motion for

Detention and ordered Mr. Bell held without bond pending the outcome of this case. On January 11,

2006, Natalie Woloshin withdrew as counsel for Mr. Bell and the Federal Public Defender's Office for the District of Delaware was appointed to represent him.  Factoring into the Magistrate Judge's decision to detain Mr. Bell without bond pending trial was the court's determination that the crime for which Mr. Bell stood charged, that of possession of a firearm by a felon, was a crime of violence within the meaning of the Bail Reform Act.  After the time of Mr. Bell's initial detention hearing, the Third Circuit, in United States v. Bowers, 432 F.3d 518 (3d Cir. 2005), ruled that the charge of possession of a firearm by a felon is not a crime of violence within the meaning of the Bail Reform Act.

II.    **FACTS RELATED TO BAIL**

Mr. Bell is a twenty-three-year-old resident of Wilmington, Delaware, who has lived in Delaware his entire life.  His fiancé, his fiancé's daughter, mother, father, grandmother, and three brothers all live in Wilmington.  His three-year old daughter, with whom he maintains regular contact and to whom he provides support, also lives in Wilmington.

Prior to his arrest in this case, Mr. Bell was living with his wife, Trina Carter, at 500 Homestead Road, Apt. 10A, Wilmington, DE.  If released, Mr. Bell would return to this address and Trina Carter is willing to act as his Third-Party Custodian.  Prior to his incarceration in this case, Mr. Bell was employed as a barber at The Firm, a barber shop located on Philadelphia Pike in New Castle, Delaware.

Attached the Court will find letters written in support of Mr. Bell.  Included in these letters is a letter from Mr. Rashad Salahuddin, owner and operator of Rashad's Barber Shop, who has indicated that Mr. Bell has a job waiting for him as a barber at his shop in Wilmington if he is released from custody.

Mr. Bell is charged with possession of a firearm by a felon. Subsequent to Mr. Bell's initial detention hearing in this matter, the Third Circuit ruled that the charge of possession of a firearm by a felon is not a "crime of violence" for bail purposes.

III.    **ARGUMENT**

The Bail Reform Act of 1984 sets forth the circumstances under which a criminal defendant may be detained, pending trial. See 18 U.S.C. § 3141 et seq (2000). If the charged offense is a "crime of violence," as defined by 18 U.S.C. § 3156(a)(4), or if there is a serious risk that the defendant will flee the jurisdiction or obstruct justice, the government may move for a hearing to determine whether any condition or combination of conditions listed in the Act "will reasonably assure" the defendant's appearance at trial. 18 U.S.C. § 3142(f). The defendant may then be detained only if the court concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Because an individual charged as a felon in possession under 18 U.S.C. § 922(g) (2000) has not committed a crime of violence, and because Mr. Bell poses no risk of flight or obstruction of justice, his detention is unlawful.

A court must consider several factors to determine whether or not a defendant is a danger to the community and a flight risk. Subsection (g) of § 3142 specifies the factors. The Court must consider "(1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the nature and seriousness of the danger to any person or to the community that would be posed by the person's release; and (4) the history and characteristics of the person, including his family ties, employment record, community ties, history of drug or alcohol abuse, criminal history, and whether at the time of the offense or arrest he was on probation or parole." 18

U.S.C. § 3142(g).

In recognition of the importance of the "fundamental right of liberty," the Supreme Court has noted that in constructing the Bail Reform Act, Congress "carefully limit[ed] the circumstances under which detention may be sought to the most serious of crimes." U.S. v. Salerno, 481 U.S. 739, 747 (1987) (cited in Singleton, 182 F.3d at 13). The Senate Report prepared in connection with § 3142 explains that pretrial detention is appropriate for only a "small but identifiable group of particularly dangerous defendants." Singleton, 182 F.3d at 13 (citing S. Rep. No. 98-225, at 6 (1984)). The provisions controlling the pretrial detention of criminal defendants are thus to be construed narrowly.

### A.    Mr. Bell does not pose a flight risk or a danger to the community under the Bail Reform Act or the case law that interprets it.

In order to determine that a defendant is a flight risk, the court must find "by a preponderance of evidence that no conditions will reasonably assure [the defendant's] appearance in court." U.S. v. Hammond, 204 F.Supp.2d 1157, 1165 (E.D. Wisc. 2002). In Hammond, the defendant was charged with racketeering and drug-related charges, and the court ruled that he was not a flight risk for two reasons. First, when ATF agents advised the defendant that he was facing charges, he did not flee. Second, the court offered the fact that the defendant had strong family ties and few personal resources. In U.S. v. Jalbert, 231 F.Supp2d. 359, 362 (D. Me. 2002), the court held that the defendant charged with possession of a firearm by an illegal alien and possession by a felon did not pose a flight risk. The court reasoned that even if convicted, the defendant was neither facing a substantial minimum mandatory sentence, "nor a substantial likelihood of a guideline sentencing range of any significance." Jalbert, 231 F.Supp2d. 359 at 362.

While Mr. Bell does not bear the burden of proof, he offers substantial credible evidence to

contend that he will appear in court as directed and that he poses no threat to the community upon conditional release. The facts concerning family and community connections show that Mr. Bell has significant ties to the community and that he would not be a flight risk. His entire family lives in the Wilmington area. Mr. Rashad Salahuddin, owner and operator of Rashad's Barber Shop, has indicated that Mr. Bell has a job waiting for him as a barber at his shop in Wilmington if he is released from custody. A letter attesting to this fact is attached. Also, Mr. Bell's fiancé, Trina Carter, has offered to act as Third-Party Custodian, and several family members have written letters in support of Mr. Bell's release, which are also attached.

Mr. Bell would not pose a flight risk for two additional reasons. First, Mr. Bell, on the day of his arrest in this case, cooperated with law enforcement officers and followed their instructions when they pulled over the car in which he was a passenger. Mr. Bell never made any attempt to flee from the officers. Second, the potential likely sentence imposed for this charge gives Mr. Bell no reason to flee. He is not facing a lengthy jail sentence or a minimum mandatory sentence of any kind. Thus, Mr. Bell may not be detained under the Bail Reform Act as a flight risk.

Mr. Bell also does not pose a danger to the community. The felon-in-possession offense for which Mr. Bell stands charged is not considered a crime of violence within the meaning of the Bail Reform Act. Furthermore, on the issue of dangerousness, the Bail Reform Act still prohibits pretrial detention on the ground that "no condition or combination or conditions will reasonably assure the safety of... the community" unless the government proves dangerousness by "clear and convincing evidence." 18 U.S.C., Section 3142(f). Thus, when a defendant introduces any credible information, the government cannot merely rely upon the presumption, but must go on to introduce evidence to prove the defendant's dangerousness by clear and convincing evidence. The defense submits that the

5

government has not met this burden in the present case.

**B.    Conclusion**

The Bail Reform Act 3142 (g) sets out a number of factors to be utilized before determining that one should have the extraordinary status of being held without any chance of release on bond before being adjudicated guilty.  Any other interpretation runs afoul of the presumption of innocence. Conditions can be set on Mr. Bell to prohibit any concern the Court may have regarding pretrial release.  Any suggestion that Mr. Bell poses a risk of flight or a danger to the community could be remedied by conditions set by the statute.  Mr. Bell could be released to Trina Carter as a Third-Party Custodian who could monitor his daily activities to insure that Mr. Bell abides by all conditions of pre-trial release and that he attends all of his court hearings.  Mr. Bell could also be placed under house arrest,  and monitored electronically.  These potential release conditions, the defense submits, will eliminate the potential for flight and any concerns that Mr. Bell poses a danger. Mr. Bell is amenable to abiding by any conditions the Court chooses to impose, including house arrest or electronic monitoring.

**WHEREFORE**,  for these reasons and any other such reasons as shall appear to the Court at a hearing of this matter, the defendant respectfully requests that he be released from custody pending the outcome of this case.

Respectfully submitted,

/s/
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
Attorney for Defendant Kevin Bell

Dated:  February 16, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-94-GMS |
| | : | |
| | : | |
| KEVIN BELL, | : | |
| | : | |
| Defendant. | : | |


**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of Defendant's Motion for Reconsideration of

Bond Status is available for public viewing and downloading and was electronically delivered on

February 16, 2006 to:


Christopher J. Burke, Esquire
Assistant U.S. Attorney
1007 Orange Street
Suite 700, P.O. Box 2046
Wilmington, DE   19899-2046



/s/
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King St., Suite 110
Wilmington, Delaware  19801
Attorney for Defendant Kevin Bell