IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Act. No. 05-94-GMS |
| KEVIN L. BELL, | : | |
| Defendant. | : | |

### RESPONSE OF THE UNITED STATES TO THE DEFENDANT'S MOTION FOR RECONSIDERATION OF BOND STATUS

**NOW COMES** the United States by and through its undersigned attorneys and submits the following in response to the defendant's Motion for Reconsideration of Bond Status, which was filed on February 16, 2006.

**I.   Procedural History**

On October 25, 2005, the defendant, Kevin L. Bell, was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (D.I. 1) At the defendant's initial appearance on November 17, 2005, the Government filed a Motion for Detention Hearing.  (D.I. 6).  On November 22, 2005, this Court held a detention hearing.  At the conclusion of that hearing, the Court found that the defendant should be detained pending trial. (D.I. 9) ("Order of Detention").  In his Motion for Reconsideration of Bond Status, the defendant now asks this Court to reconsider its decision as to pre-trial detention.

**II.   Argument**

   **A.   Standard of Review and Background Regarding Bail Reform Act of 1984**

As an initial matter, motions for reconsideration should be granted only "sparingly" and only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning but of apprehension.  *See* Order, *United States v. Lark*, Crim. Act. No. 05-96-GMS, at 2 (D. Del. Jan. 3,

2006) (attached as Exhibit A) (noting these principles in case involving motion for reconsideration of no-bail status) (citations and quotation marks omitted). Even if the Court has made such an error, there is no need to grant a motion for reconsideration if it would not alter the Court's initial decision. *See id.* at 2-3 (citations omitted). Finally, motions for reconsideration "should not be used to rehash arguments" already made before the Court. *Id.* at 3 (citations and quotation marks omitted).

The defendant here seeks reconsideration of this Court's ruling based on the terms of the Bail Reform Act of 1984 ("the Act"). That Act states that a detention hearing may be held only in certain types of cases listed in 18 U.S.C. § 3142(f). If the instant case involves one or more of those listed circumstances, the court then "shall hold" a detention hearing. *See id.* In this case, the Government's Motion for Detention Hearing alleged that a detention hearing should be held due to the presence of two of these circumstances: (1) the defendant was charged with a "crime of violence," namely, being a felon in possession of a firearm, and (2) the case involved a serious risk that the defendant will flee. *See* Motion for Detention Hearing at 1; *see also* 18 U.S.C. §§ 3142(f)(1)(A) & (f)(2)(A). Finding that these factors were applicable, the Court scheduled a detention hearing.

The Act goes on to state that if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e); *see also United States v. Coleman*, 777 F.2d 888, 889 (3rd Cir. 1985). The statute requires that in making this decision, the judicial officer shall take into account information concerning four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g); *see also United States v. Traitz*, 807 F.2d 322, 324 (3rd Cir. 1986). After considering these

factors, the Court ruled that the defendant should be detained, due both to the fact that there was a "serious risk that the defendant will not appear" and because there was a "serious risk that the defendant will endanger the safety of another person or the community." Order of Detention.

### B. An Analysis of the Applicable Statutory Factors Clearly Demonstrates that There is a Serious Risk that the Defendant Will Not Appear.

In his Motion, the defendant asks the Court to reconsider its decision that no condition or combination of conditions will reasonably assure his appearance in court. To meet its burden of proof in this regard, the Government was required to demonstrate that the defendant would pose a risk of flight by a preponderance of the evidence. *See United States v. Himler*, 797 F.2d 156, 161 (3rd Cir. 1986). Because the Government has clearly met that burden in this case, the Court should not reconsider its decision to detain the defendant.[1]

With respect to the first statutory factor – the nature and circumstances of the offense charged – here the defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), which carries a maximum term of imprisonment of ten years. The nature of this crime, which necessarily involves the repetition of criminal conduct, suggests a continuing inability on the part of the defendant to conform to the dictates of the law. Moreover, due to both the crime itself and the extent of his prior criminal history, if he is convicted, the defendant's likely sentencing guideline range would be between four and five years of incarceration – a significant jail term. Thus, both the nature and the circumstances of the offense provide support for a ruling of detention. *See United States v. Powell*, 813 F. Supp. 903,

---

[1] The defendant also asserts that the Court incorrectly determined that there was clear and convincing evidence to suggest that there is a serious risk that the defendant will endanger the safety of another person or the community. *See* 18 U.S.C. § 3142(e); *id.* at § 3142(g) (noting that such a finding must be supported by "clear and convincing evidence"); *see also* Motion For Reconsideration of Bond Status ("Motion for Reconsideration") at 5. As the defendant notes, the Court's decision on this issue was in part motivated by the fact that the crime for which the defendant was charged, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), was a "crime of violence" under the meaning of the Act. *See* Motion for Reconsideration at 5. Subsequent to the detention hearing in this case, the Third Circuit has ruled otherwise. *See United States v. Bowers*, 432 F.3d 518, 519 (3rd Cir. 2005). In light of that ruling, the Government will not contest the issue of danger to the community at this stage of the proceeding. *See United States v. Himler*, 797 F.2d 156, 160 (3rd Cir. 1986).

3

909-10 (D. Mass. 1992) (finding that crime of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), is a "serious" one, mitigating in favor of a finding of risk of flight due to its ten year maximum term of incarceration and its demonstration of repetitive criminal conduct).

The second statutory factor – the weight of the evidence against the person – also militates in favor of detention. As this Court noted in its Order of Detention, after the defendant was arrested in this case, he was patted down by police officers. *See* Order of Detention. During that pat down, a gun fell from the defendant's right pant leg to the ground. *See id.* Further investigation has determined that the firearm, a Bersa, Model Thunder, .380 caliber handgun, was manufactured in Argentina and thus necessarily traveled in interstate and/or foreign commerce prior to the offense. Additionally, as is discussed more fully below, the defendant also has a prior adult felony conviction – a 2004 conviction on a first degree conspiracy charge. Thus, there is strong evidence to suggest that the defendant would ultimately be found guilty of the crime alleged in the Indictment. *See United States v. Dodd*, 225 F.3d 340, 344 (3rd Cir. 2000) (noting the elements of being a felon in possession of a firearm: (1) that the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that the defendant knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce).

The third statutory factor – the history and characteristics of the person – provides perhaps the most compelling reasons to detain the defendant pending trial. One of the issues to be considered in examining this factor is the defendant's "criminal history," 18 U.S.C. § 3142(g)(3)(A), which this Court found to be a significant reason as to why the defendant should be detained. Although he has recently turned just 23, the defendant has a lengthy criminal record, dating back to his conviction on criminal trespass and theft charges at the age of 10. *See* Order of Detention. A few years later, in 1997, the defendant was convicted on charges of possession of a deadly weapon and second degree assault, *see id.*, stemming from his theft of an

air rifle that he subsequently used to shoot a victim in the face. In May 1999, the defendant was convicted of resisting arrest. In October 2000, just prior to his 18th birthday, the defendant pled guilty to Possession of a Narcotic Schedule V Controlled Substance, *see id.*, after being found by state Probation and Parole officers to be in possession of heroin. Most significantly, in 2004, the defendant plead guilty to a charge of conspiracy to commit first degree murder. *See id.* This conviction stemmed from a November 2002 incident in which one man was shot to death and two other men were injured when the defendant and two other of his cohorts were attempting to carjack and rob the victims. This extensive criminal history evidences the defendant's consistent disregard for the law, bolstering the Court's determination that he would similarly disregard its future orders to appear before it.

Another issue to be considered in focusing on "the history and characteristics of the person" is the defendant's "past conduct" and whether, "at the time of the current offense or arrest, the person was on probation . . . pending . . . completion of sentence for an offense under Federal, State or local law." 18 U.S.C. §§ 3142(g)(3)(A) & (g)(3)(B). At the time of his arrest for this offense, the defendant was in fact on probation, due to his 2004 conspiracy conviction. *See* Order of Detention. He was later convicted of a violation of probation as a result of his arrest in the instant case. *See id.* This was not the first time that the defendant had violated the terms of his probation. In 2001, while on probation for his 2000 narcotics conviction, the defendant was convicted of another probation violation. *See id.*[2]

Aside from repeatedly violating the terms of his probation, the defendant has also been convicted of escaping from confinement. On August 18, 2005, the defendant plead guilty to a third degree escape charge, *see id.*, stemming from his failure to return as required on May 14, 2005, to the Sussex Community Corrections Center and his subsequent disappearance, after he

---

[2] The defendant was also convicted of a misdemeanor Breach of Release charge in June 1997, while a juvenile.

had been permitted to leave the Center for the day on work release. *See id.*[3] Thus, over the last number of years, the defendant has consistently demonstrated that he will violate conditions set by the judicial system and flee from the oversight of authorities – further evidence that he would present a significant risk of non-appearance in this case. *See, e.g., United States v. Battle*, 59 F. Supp.2d 17, 20 (D.D.C. 1999) (finding defendant's lack of compliance with conditions of probation and parole a significant factor in determining that he was a risk of flight under the Act); *United States v. Forbes*, 977 F.2d 596, 1992 WL 279226, at *1 (10th Cir. Oct. 2, 1992) (finding defendant's violation of terms of probation and past escape history significant in determination that defendant was danger to community and a risk of flight).

Therefore, consideration of each of these statutory factors provides substantial evidence supporting the Court's Order of Detention.

### C. The Defendant's Arguments as to Why the Court Should Reconsider Its Decision Are Unpersuasive.

In his Motion, the defendant provides a few asserted justifications as to why the Court should reconsider its decision to detain him. None of these reasons are persuasive.

For example, the defendant cites a number of facts regarding his family and community connections in support of his argument, namely that: (1) his entire family lives in the Wilmington area; (2) he has a job waiting for him at a local barbershop if he is released from prison; and (3) his finace, Trina Carter, is willing to act as a Third-Party Custodian for him. *See* Motion for Reconsideration of Bond Status ("Motion for Reconsideration") at 4-5.[4] However, these facts have been, to a great extent, already raised and considered by the Court. At the detention hearing, defendant's counsel informed the court of the defendant's personal and family ties to the Wilmington area, the fact that he had been regularly employed cutting hair for 15

---

[3] A warrant for the defendant's arrest regarding this crime was outstanding on the date of his arrest for the charges involved in the instant case.

[4] These facts are further elucidated in letters from four friends and family members attached to the defendant's Motion, at least two of which appear to have been handwritten by the same person. *See* Motion for Reconsideration at (attachments).

hours per week prior to his incarceration and of his marriage to and relationship with Ms. Carter. The Court considered those facts, but in light of the substantial evidence indicating that the defendant would pose a risk of flight and a danger to the community, ultimately did not find them persuasive. Because motions for reconsideration "should not be used to rehash arguments" already made before the Court, this information should not cause the Court to reconsider its prior ruling. Exhibit A at 3. Moreover, each of these asserted elements of community support – the defendant's ties to the area, his employment as a barber and his residence and relationship with Ms. Carter – were in place prior to his escape in May 2005 and his commission of the crime for which he is now charged. There is no indication that those factors had any influence in deterring the defendant from respecting the law in the past, and thus this Court should not now view them as evidence of the defendant's ability to do so in the future.

Perhaps most boldly, the defendant also argues in his Motion that "on the day of his arrest in this case, [he] cooperated with law enforcement officers and followed their instructions when they pulled over the car in which he was a passenger." Motion for Reconsideration at 5. In fact – as the defendant's prior counsel admitted at the detention hearing – the defendant did exactly the opposite. On the evening of his arrest, when the police pulled over the car the defendant was in due to a driving offense, the police asked the defendant for identification. *See* Order of Detention. In response, instead of cooperating with the officers' request and providing truthful information, the defendant provided a false name and birth date – that of his brother, Ghbre Bell. *See id.* Only because that name came up positive for outstanding warrants was the defendant arrested, which ultimately led to the discovery of the firearm on his person. *See id.* Indeed, the officers did not learn the defendant's real name until the defendant was recognized by another person as Kevin Bell at a police station later that morning. Contrary to the defendant's argument, his actions on the night of his arrest demonstrate that when faced with the legitimate requests of law enforcement, he will provide false information and do what he can to evade detection by authorities.

The defendant next argues that "the potential likely sentence imposed for this charge gives [him] no reason to flee." Motion for Reconsideration at 5. As noted above, however, the crime for which the defendant is charged carries with it a ten year maximum prison sentence. If convicted, the defendant faces the prospect of many years of incarceration. These facts provide ample reason to believe that the defendant might flee if released. *See Powell*, 813 F. Supp. at 909-10.

Lastly, the defendant cites two cases in which defendants were found not to demonstrate a risk of flight under the meaning of the Act, *United States v. Hammond*, 204 F. Supp.2d 1157 (E.D. Wis. 2002) and *United States v. Jalbert*, 231 F. Supp.2d 359 (D. Me. 2002), and claims that they provide support for his Motion. However, *Hammond* and *Jalbert* both involved defendants whose circumstances are easily distinguishable from that of Mr. Bell. In *Hammond*, the defendant, when first advised by law enforcement of the charges against him, did not take any action to suggest that he wished to evade those charges. *See Hammond*, 204 F. Supp.2d at 1166. In addition, not only did that defendant have only a "minimal and rather old" criminal history, but the Government did not allege that he had "previously committed new offenses while released on bond or that he was on probation . . . at the time of his arrest for the instant offenses." *See id.* at 1165. Similarly, in *Jalbert*, the defendant had only one 12-year old prior conviction, had successfully completed probation on that charge for two years and was facing a sentencing range of only zero to six months of imprisonment. *See Jalbert*, 231 F. Supp.2d at 361.

In contrast to those cases, here Mr. Bell, when first approached by law enforcement on the night of his arrest, gave the police false identification information, in an attempt to evade arrest. Moreover, despite his young age, Mr. Bell has a lengthy and substantial criminal history, including numerous violations of probation and one escape conviction. Moreover, he faces significant prison time, possibly in excess of five years, if convicted of the instant offense. All of these factors suggest that the defendant, to a far greater degree than the defendants in *Hammond*

and *Jalbert*, has both a penchant for flight and the disobeyance of court orders, as well as a strong motive to engage in that behavior in the present case.

For each of these reasons, the defendant's arguments do not provide a basis for the Court to reconsider its well-reasoned decision to detain the defendant.

### III.    Conclusion

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's Motion for Reconsideration of Bond Status.

                            Respectfully submitted,

                            COLM F. CONNOLLY
                            United States Attorney


BY:            /s/
            Christopher J. Burke
            Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 05-94-GMS |
| KEVIN L. BELL, | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, hereby certify that on the 8th day of March 2006, I caused to be electronically filed a **Response of the United States to the Defendant's Motion for Reconsideration of Bond Status** with the Clerk of the Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF and was transmitted electronically to counsel for the defendant:

Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE 19801

　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　Christopher J. Burke
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney