IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.   : | Criminal Action No. 05-94-GMS |
| : | |
| : | |
| KEVIN BELL, : | |
| : | |
| Defendant.   : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE**

Defendant, Kevin Bell through his counsel, Eleni Kousoulis, hereby moves this Honorable Court, pursuant to the Fourth Amendment of the United States Constitution for an order to suppress any and all evidence taken during the search of Mr. Bell, on or about August 11, 2005.

In support of this motion the defense submits as follows:

1.    On August 11, 2005, at approximately 2:30 p.m., officers stopped a car in which Mr. Bell was a passenger.  During the stop, officers ordered Mr. Bell out of the car and subsequently searched him.  While the officers were searching Mr. Bell, a gun allegedly fell from his pant leg onto the road.[1]

---

[1] Any facts contained in this motion were taken from the police report prepared with regard to this case.  By including these facts in its pre-trial motion, the defense in no way concedes that events transpired as stated in the police report.  It is the defense's position that an evidentiary hearing is needed to further develop the facts with regard to this motion through the adversarial process.

2.      The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled "that a search conducted without a warrant issued upon probable cause is *per se* unreasonable subject only to a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357). Where no probable cause and no warrant exists for a subsequent search and seizure, suppression of any evidence recovered will be required. See United States v. Roberson, 90 F.3d 75 (3d Cir. 1996); Hayes v. Florida, 105 S. Ct. 1643 (1985); United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3d Cir. 1980).

3.      In a warrantless search case the government bears the burden of establishing that the search comes within one of the exceptions to the warrant requirement. See Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Jeffers, 342 U.S. 48 (1951).

4.      If the evidence was seized as a result of an illegal search, then the evidence obtained must be suppressed pursuant to the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

5.      In this case, the defense submits that the evidence was obtained following a stop and seizure in violation of the Fourth Amendment. Upon a hearing of this matter, the evidence will reveal that there was no probable cause justifying the search of Mr. Bell. Any evidence found subsequent to the illegal search must be suppressed as fruit of that illegal search. See Wong Sun v. United States, 371 U.S. 471 (1963).

**WHEREFORE**, Defendant respectfully requests that this Court enter an order in the form attached hereto suppressing any and all statements and evidence taken from him on or about the time of his arrest. A hearing is requested in this matter.

Respectfully submitted,

/s/
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
Attorney for Defendant Kevin Bell

DATED:  March 10, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-94-GMS |
| | : | |
| | : | |
| KEVIN BELL, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of Defendant Pre-Trial Motion to Suppress Evidence is available for public viewing and downloading and was electronically delivered on March 10, 2006, to:

>Christopher Burke, Esquire
>Assistant U.S. Attorney
>1007 Orange Street
>Suite 700, P.O. Box 2046
>Wilmington, DE  19899-2046

>/s/_____
>Eleni Kousoulis, Esquire
>Assistant Federal Public Defender
>704 King St., Suite 110
>Wilmington, Delaware  19801
>Attorney for Defendant Kevin Bell