IN THE UNITED STATES DISTRICT Court
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : Criminal Act. No.05-94-GMS |
| KEVIN L. BELL, | : |
| Defendant | : |

FILED
MAR 3 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**ORDER**

1.  On October 25, 2005, the United States of America ("United States") indicted the defendant, Kevin Bell, on one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On November 17, 2005, at Bell's initial appearance, the Government filed a motion for detention hearing. This court held a detention hearing on November 22, 2005, at which time the court determined that Bell should be detained and ordered Bell be held without bond pending trial. On February 16, 2006, Bell filed a motion for reconsideration of bond status, in which Bell asks the court to reconsider its pre-trial detention decision. That motion for reconsideration shall be addressed in this Order.

2.  At Bell's detention hearing, the court listed specific facts which required the detention of Bell pending trial. At that time, the court found that: (1) there is a serious risk that Bell will not appear and (2) there is a serious risk that Bell will endanger the safety of another person or the community. Specifically, this court cited Bell's lengthy criminal record which began at age 10 for theft and Bell's arrest for the current offense, in which he lied to the arresting police officer when

asked for identification.[1] After Bell's initial detention hearing, the Third Circuit, in *United States v. Bowers*, ruled that the charge of possession of a firearm by a felon pursuant to 18 U.S.C. § § 922(g)(1) and 924(a)(2) is not a crime of violence within the meaning of the Bail Reform Act. 432 F. 3d 518 (3d Cir. 2005). In Bell's motion for reconsideration, Bell contends that his detention is unlawful because the charge of possession of a firearm by a felon is no longer considered a crime of violence and because he poses no risk of flight or obstruction of justice. The court disagrees that Bell's detention is unlawful.

3. The Bail Reform Act of 1984 defines when a criminal defendant may be detained, pending trial. 18 U.S.C. § 3141 et seq (2000). If the charged offense is defined by 18 U.S.C. § 3156(a)(4) as a "crime of violence *or* if there is a serious risk that the defendant will flee the jurisdiction or obstruct justice, the government may move for a hearing to determine whether any condition or combination of conditions listed in the Bail Reform Act will reasonably assure the defendant's appearance at trial and the safety of the community." 18 U.S.C. § 3142(f). (emphasis added). The defendant may be detained if the court determines that no condition or combination of conditions will assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). Four factors must be weighed by the court, in making the decision: (1) the nature and circumstances of the offense charged; (2) the weight of the

---

[1] Bell was a passenger in a vehicle that was stopped for a traffic violation. When identification was requested, Bell misrepresented himself as Ghbre Bell (defendant's brother). Since Ghbre Bell had outstanding warrants, this lie lead to arrest.

evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Moreover, motions to reconsider should be "granted sparingly and only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties or has made an error not of reasoning but of apprehension." *United States v. Lark*, Crim. Act. No. 05-96-GM, at 2 (D. Del. Jan. 3, 2006) (order denying motion for reconsideration). Furthermore, "even if the court has made such an error, there is no need to grant a motion for reconsideration if it would not alter the court's initial decision." *Id.* at 2-3. Finally, motions for reconsideration "should not be used to rehash arguments" that have previously been argued before the court. *Id.* at 3.

4. In the present case, Bell contends that his detention is unlawful solely because the crime he has been charged under, 18 U.S.C. § 922(g) (2000), is no longer considered a crime of violence and he does not pose a flight risk or a risk to obstruct justice. At Bell's detention hearing, this court cited the reasons for Bell's detention pending trial as: (1) there is a serious risk that Bell will not appear and (2) there is a serious risk that Bell will endanger the safety of another person or the community. In weighing the evidence, this court did not base its decision on the charged offense being a per se crime of violence. In the alternative, the court looked to the following facts: Bell's lengthy criminal history of over 13 years, his probationary status at the time of the present arrest, and his previous conviction for escape in August 2005. Such facts demonstrate that, even though

3

the charged offense is no longer considered a crime of violence, Bell should remain detained as he poses a serious risk of fleeing and abiding by any court order for conditions of release.

Moreover, Bell's criminal history supports that he poses a danger to the community. Specifically, Bell was convicted for possession of a deadly weapon and assault 2d at approximately age 15 years and possession of a non-narcotic schedule V controlled substance 3 years later. At age 21, Bell was convicted of conspiracy 2d which involved a carjacking offense where the victim was injured. Bell relies on his family and ties to the community in support of his motion for reconsideration, however, all those factors existed prior to the present federal offense. There is no indication that those factors had any deterrence value. Nor will those factors assure that Bell appears in court. Lastly, the facts presented in support of Bell's motion for reconsideration have previously been raised and considered by this court. Accordingly, Kevin Bell's motion for reconsideration is denied.

Therefore, IT IS HEREBY ORDERED that:

1. Defendant's motion for reconsideration is DENIED.

Date: March 31, 2006

United States Magistrate Judge